### In re ACTON FOODSERVICES CORPORATION, Debtor.

**Bankruptcy No. 83–00589 L.**

United States Bankruptcy Court, D. Massachusetts.

May 9, 1984.

Anthony R. Martin-Trigona, Chicago, Ill., pro se.

Wm. A. Zucker, Gadsby & Hannah, Boston, Mass., for debtor.

## MEMORANDUM AND ORDER

THOMAS W. LAWLESS, Chief Judge.

This matter is before the Court on the motion filed by Anthony R. Martin-Trigona on July 16, 1983, seeking, among other things, leave to file certain pleadings and documents in this proceeding, and Acton Foodservices Corporation's (the "Debtor") objection and motion to strike appearance, proof of claim and motion of Anthony R. Martin-Trigona or, alternatively, for stay thereof. After hearing on November 1, 1983, at which time all parties had the opportunity to be heard, and after review of the submissions of the parties and the applicable authorities, I find as follows:

Mr. Martin-Trigona's asserted interest in this proceeding arises from the alleged fraudulent sale in 1981 of radio station WDLW from the bankruptcy estate of WHET, Inc., (an entity in which Mr. Martin-Trigona claims an interest) to Acton Corporation. Based on that sale, Mr. Mar-

tin-Trigona has asserted a claim of fraud in which he alleges that Acton Corporation conspired with various people to defraud WHET, Inc., of a valuable asset. Acton Corporation is not a debtor before this Court and the Debtor was not in existence at the time of the sale of WDLW. The Debtor is the product of the recapitalization of Acton Corporation subsequent to the sale whereby various entities, including the Debtor, were spun-off into separate corporations. Mr. Martin-Trigona alleges that the spin-off was fraudulent, and ineffective to bar his claim against the Debtor's assets. Mr. Martin-Trigona seeks to assert a claim against the Debtor in this proceeding and he has filed various other motions that need not be addressed at this time.

The Debtor raises three arguments in opposition to Mr. Martin-Trigona's request for leave to file and in support of the Debtor's motion to strike Mr. Martin-Trigona's notice of appearance in this proceeding. First, the Debtor alleges that Mr. Martin-Trigona's motion and appearance in this proceeding is in direct violation of the *Memorandum of Decision and Order of Permanent Injunction* entered by the United States District Court, District of Connecticut (Cabranes, U.S.D.J.) on June 17, 1983. *See In Re Martin-Trigona,* 573 F.Supp. 1245 (1983). Second, the Debtor asserts that Mr. Martin-Trigona has no standing to bring this claim because the claim is property of either the trustee in Mr. Martin-Trigona's personal bankruptcy proceeding or the trustee in the bankruptcy case of WHET, Inc. Finally, the Debtor claims that it is a separate legal entity from Acton Corporation and that the Debtor is not responsible for the acts of that entity.

Conceding, only for the sake of argument, that Acton Corporation was unable to insulate its assets from claims that arose prior to Acton Corporation's recapitalization, I find that Mr. Martin-Trigona has no standing to assert any claim against the Debtor that arose out of the July, 1981 sale of the radio station to Acton Corpora-

tion. Any such claims are the property of either his personal bankruptcy trustee and/or of the trustee of WHET, Inc.

On December 2, 1980, Mr. Martin-Trigona filed a personal, voluntary Chapter 11 proceeding. On May 4, 1981, a Chapter 11 trustee was appointed in Mr. Martin-Trigona's Chapter 11 case and on June 22, 1982, the bankruptcy court entered an order converting the Chapter 11 proceeding to one under Chapter 7 of the Bankruptcy Code. It is Mr. Martin-Trigona's position that the alleged cause of action that arose out of the July, 1981 sale of WDLW to Acton Corporation is not the property of the Chapter 7 estate because the creation and composition of the Chapter 7 estate is deemed to relate back to the date of the filing of the Chapter 11 petition on December 2, 1980. Since the alleged cause of action accrued after the commencement of his Chapter 11 case and prior to the time it was converted to one under Chapter 7, Mr. Martin-Trigona contends that this chose in action is not included in the Chapter 7 estate. I disagree.

When Mr. Martin-Trigona filed his Chapter 11 petition in 1980 an estate was created. 11 U.S.C. § 541(a). The scope of the estate is broad: it includes, with two minor exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541 goes on to include in the estate "[p]roceeds, product, offspring, rents, and profits of or from property of the estate," subject to one important limitation: "except such as are earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6). Additionally, "[a]ny interest in property that the estate acquires after the commencement of the case" is included in the bankruptcy estate. 11 U.S.C. § 541(a)(7). Thus, property interests acquired after the filing of Mr. Martin-Trigona's Chapter 11 petition and prior to the conversion to Chapter 7 will be excluded from the Chapters 11 and 7 bankruptcy estates only to the extent that such property can be considered "earnings from services performed ... after the commencement

of the case." 11 U.S.C. § 541(a)(6). *See In Re Lotta Water Land Co.*, 25 B.R. 32 (Bkrtcy.M.D.Tex.1982) (the proceeds of the sale of corn are not personal earnings but instead represent an interest in property acquired after the commencement of the Chapter 11 case which passes to the Chapter 7 trustee).

The Ninth Circuit Court of Appeals recently had occasion to consider the scope of the earnings exception continued in § 541(a)(6) in *In Re Fitzsimmons*, 725 F.2d 1208 (1984). In that case, involving a debtor who operated a law practice as a sole proprietorship, the court held that the earnings exception of § 541(a)(6) excepts from proceeds of the estate only those "services performed *personally* by an individual debtor ..." *Id.* at 1211. Therefore, to the extent that the debtor's law practice's earnings were attributable not to the debtor's personal services but to the practice's invested capital, accounts receivable, goodwill, employment contracts with the law firm's staff, client relationships and the like, the circuit court found that these earnings were property of the Chapter 11 estate. *Id.* If these property interests are part of the Chapter 11 estate, they become part of the Chapter 7 estate upon conversion.

In the case at bar, any legal and/or equitable interests that Mr. Martin-Trigona may have had or asserts to have in WHET, Inc., became property of his Chapter 11 estate in 1980. Any cause of action that may have accrued from any federal or state violation of those rights subsequent to the Chapter 11 filing, including causes of action that arose out of the 1981 sale of the radio station, are the property of Mr. Martin-Trigona's Chapter 7 trustee. Additionally, WHET, Inc., may have rights against those parties who allegedly perpetrated a fraud in selling and/or buying the radio station; however, these claims, if any, are the property of the trustee of WHET, Inc.

Accordingly, I find that Mr. Martin-Trigona has no standing in this proceeding.

Additionally, after careful review of the *Order of Permanent Injunction* entered by the United States District Court, District of Connecticut, against Mr. Martin-Trigona on June 23, 1983, 573 F.Supp. at 1261, I find Mr. Martin-Trigona's attempted appearance in this proceeding on July 26, 1983, to be in clear violation of the Order of Permanent Injunction. On page 5 of his omnibus pleading filed on July 26, 1983, under the sub-heading *Request For Leave to File*, Mr. Martin-Trigona states as follows:

> Creditor asks leave to file these pleadings in conjunction with matters currently pending between creditor and Harold Lavien in the U.S. Court of Appeals for the Second Circuit (copy already furnished to Harold Lavien, and of which this court has actual notice through Harold Lavien). Based on the requirements, if any, for leave to file, said leave is hereby requested.

This cryptic statement is in total disregard of the outstanding injunction issued by the United States District Court, District of Connecticut, which imposes certain requirements upon Mr. Martin-Trigona before he files any papers before this or any other Court. Since Mr. Martin-Trigona was on notice by the terms of the injunction that failure to comply with its language was a sufficient defense to sustain a motion to dismiss any action brought by him, the Debtor's motion to strike appearance, proof of claim and motion of Anthony R. Martin-Trigona is allowed.

Accordingly, for both of the foregoing reasons, the notice of appearance, proof of claim and all motions and pleadings filed by Mr. Anthony R. Martin-Trigona in this proceeding be and hereby are DISMISSED.

So Ordered.