**In the Matter of Vincent M. BIANCO d/b/a Derion Aviation, Debtor.**

**UNION BANK & TRUST COMPANY, ERIE, Plaintiff,**

v.

**Vincent M. BIANCO, Defendant.**

**ERIE AIRWAYS, INC., Plaintiff,**

v.

**Vincent M. BIANCO, Defendant.**

**Bankruptcy No. 81–00379.
Adv. Nos. 82–0450, 82–0452.**

United States Bankruptcy Court, W.D. Pennsylvania.

July 25, 1985.

**34**

Robert G. Dwyer and Knox, Graham, McLaughlin, Gornall & Sennett, Inc., Erie, Pa., for Union Bank and Trust Co., Erie.

James E. Marsh, Jr., John P. Eppinger and Marsh, Spaeder, Baur, Spaeder & Schaaf, Erie, Pa., for Erie Airways, Inc.

Lawrence C. Bolla and Quinn, Gent, Buseck & Leemhuis, Erie, Pa., for debtor.

Vedder J. White, Erie, Pa., trustee.

## MEMORANDUM AND ORDER ON COMPLAINTS OBJECTING TO DISCHARGE

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

The plaintiffs in each of the above captioned adversary proceedings have filed complaints objecting to the discharge of the debtor under 28 U.S.C. 1471, and 11 U.S.C. 727.

The plaintiffs allege in their complaints that the defendant failed to keep or prepare books or records, documents or papers, from which his financial or business transactions might be ascertained and failed to complete the duties required under Section 521 of the Bankruptcy Code (Paragraph 4 of each complaint); that the debtor with intent to hinder delay and defraud his creditors failed to transfer to the trustee all of the property of the estate, and specifically, no income earned by the debtor during the term of the Chapter 11 proceeding was administered as part of the estate (Paragraph 5 of the complaints); and that the debtor has failed to explain satisfactorily the deficiency of assets to meet his liabilities (Paragraph 6 of the complaints).

The Chapter 11 reorganization proceeding of the debtor was filed June 19, 1981, and it was converted to a Chapter 7 liquidation proceeding August 11, 1982. The above complaints containing nearly identical allegations repeating the words of the Bankruptcy Code were filed November 19, 1982 and November 22, 1982, and the hearings were simultaneously held December 21, 1982.

The only specific matter relied on by plaintiffs in their complaints and pointed out in the testimony is that the defendant has not accounted for or paid over the earnings of his business as sole proprietor of Derion Aviation or his earnings in excess of $100,000.00 a year as a passenger plane pilot for USAir to the trustee in the aborted Chapter 11 proceeding.

Counsel for the parties filed no briefs or transcript of testimony in the within cases, nor was evidence presented as to the manner in which creditors were adversely affected by any failure of the debtor to keep adequate records or to account for his losses and the insufficiency of his assets to pay his debts other than the above mentioned failure to pay over his pilot's earnings from USAir, as the monthly reports filed before the creditors apparently lost interest in the matter are moderately lengthy and detailed and indicate the debtor spent substantially more than his income receipts from the business in paying its operating expenses, and did not show any profit therefrom in the period covered by said reports.

The only allegation in the complaints or testimony other than repetitions of the statutory language providing grounds for denial of a discharge held insufficient without specific allegations of the manner in which the creditors were damaged thereby in *In Re Kunec*, 27 B.R. 650, 652 (Bkrtcy. M.D.Pa.1982), relate to the omission of the debtor to account and pay over his personal earnings in excess of $100,000.00 a year as an airline pilot for USAir, and it is our considered opinion that such personal earnings of the debtor are exempt from claims of creditors and a trustee in bankruptcy under settled Pennsylvania law and that the debtor was not under a duty to account, transfer or pay over said earnings to the estate: *In Re Fitzsimmons*, 725 F.2d 1208

(9 Cir.1984) affirming and remanding in part 20 B.R. 237 (Bkrtcy.App.Panel, 9 Cir. 1982) and holding that the personal earnings of a debtor are excluded by 11 U.S.C. 541(a)(6) from coming into a Chapter 11 estate; that the only earnings comprising assets in such estate are earnings from invested capital, or of other members of a partnership in which the debtor is also a member. The situation is different in Chapter 13 debt adjustment proceedings, formerly known as "wage-earner" plans, in which earnings from services performed by a debtor after the commencement of a case are specifically made part of such Chapter 13 estate by 11 U.S.C.A. § 1306(a)(2) and not expressly excluded therefrom as they are from Chapter 7 and Chapter 11 estates by 11 U.S.C. 541(a)(6), supra, as held in *In Re Fitzsimmons*, 725 F.2d 1208, supra and *In Re Bullock*, 41 B.R. 637 (Bkrtcy.E.D.Pa. 1984, Goldhaber, J.).

It is accordingly ORDERED that the prayers of the plaintiffs' complaints in the within actions of the Union Bank and Trust Company and Erie Airways, Inc. objecting to the discharge of the within named debtor are hereby denied and said actions are dismissed.