In the Matter of Charles Lee KELLY, Sr., & Crystal Ann Kelly, Debtors.

Charles Lee KELLY, Sr., & Crystal Ann Kelly, Plaintiffs,

v.

UNITED STATES AIR FORCE, Defendant.

Bankruptcy No. 87–50838.
Adv. No. 87–5065.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Aug. 5, 1988.

Charlotte M. Hobson, Warner Robins, Ga., for plaintiffs.

Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., for defendant.

## STATEMENT OF THE CASE

ROBERT F. HERSHNER, Jr., Chief Judge.

Charles Lee Kelly, Sr., and Crystal Ann Kelly, Plaintiffs, filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on May 4, 1987. On September 4, 1987, Plaintiffs filed a complaint seeking to recover from the United States Air Force, Defendant, the sum of $1400. Plaintiffs allege that Defendant withheld this money from Mr. Kelly's final paycheck in violation of the automatic stay imposed by section 362 of the Bankruptcy Code.[1] Plaintiffs also seek to have a debt owed Defendant to be determined to be dischargeable.[2]

Defendant filed an answer with the Court on October 2, 1987. Defendant asserts that the Court lacks subject matter jurisdiction and therefore the adversary

1. 11 U.S.C.A. § 362 (West 1979 & Supp.1988).

2. *See* 11 U.S.C.A. § 523 (West 1979 & Supp. 1988).

proceeding should be dismissed.[3] Defendant also denies that Defendant has violated the automatic stay.

Plaintiffs filed a motion for summary judgment on February 12, 1988.[4] On February 16, 1988, Defendant filed a motion to dismiss Plaintiffs' complaint, or, alternatively, a motion for summary judgment.

The Court, having considered the evidence, now publishes its findings of fact and conclusions of law.

## FINDINGS OF FACT

The following facts are established by the affidavits, exhibits, and request for admissions submitted to this Court. Plaintiffs failed to respond to Defendant's request for admissions, therefore, pursuant to Bankruptcy Rule 7036, Plaintiffs are deemed to have admitted the matters set forth in the request for admissions.[5]

Charles Lee Kelly, Sr., joined the United States Air Force in 1982. Mr. Kelly reenlisted with Defendant on January 31, 1986. Upon reenlistment, Mr. Kelly was paid a Selective Reenlistment Bonus in the amount of $2380.50.[6]

Air Force Regulation 35–16, Volume 1, Section 5–12(a) provides that Defendant is entitled to recoup a percentage of a Selective Reenlistment Bonus that has been paid to an airman, if such airman is discharged for misconduct.[7] The percentage to be repaid is to be calculated according to the unexpired term of the airman's service. At the time of his reenlistment, Mr. Kelly signed an agreement in which he consented to Defendant withholding a portion of his pay if the occasion should arise for Defendant to recoup the Selective Reenlistment Bonus.[8]

On May 7, 1987, Mr. Kelly received notification from Captain George H. Groce that Captain Groce was recommending that Mr. Kelly be discharged. Mr. Kelly received a general discharge, effective June 12, 1987, under authority of Air Force Regulation 39–10, Section H—Misconduct, paragraph 5–49(a). Mr. Kelly, upon his discharge, became obligated to repay Defendant the sum of $2205.93.

Plaintiffs filed their joint Chapter 7 bankruptcy petition on May 4, 1987, in anticipation of Mr. Kelly's obligation to repay a portion of his Selective Reenlistment Bonus to Defendant. Defendant withheld $1411.97 from Mr. Kelly's final paycheck as partial repayment of the portion of the Selective Reenlistment Bonus that Mr. Kelly is obligated to repay.

## CONCLUSIONS OF LAW

Defendant contends that the Court should dismiss this adversary proceeding because subject matter jurisdiction is lacking.[9] The Court will address this issue first, since a lack of jurisdiction will preclude the Court from considering the merits.

Mr. Kelly filed his Chapter 7 bankruptcy case on May 4, 1987. He received written notification of his impending discharge on May 7, 1987. Defendant withheld funds from Mr. Kelly's final paycheck as partial repayment of the Selective Reenlistment Bonus. The funds withheld by Defendant apparently represent earnings from services performed by Mr. Kelly after the commencement of the case, and are therefore not property of the Chapter 7 bankruptcy estate.[10]

The parties disagree on the date on which the funds were withheld. Plaintiffs

---

3. *See* R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b).

4. *See* R.Bankr.P. 7056; Fed.R.Civ.P. 56.

5. R.Bankr.P. 7036. *See also* Fed.R.Civ.P. 36(a).

6. *See* 37 U.S.C.A. § 308 (West Supp.1988).

7. *See* 37 U.S.C.A. § 308(d) (West Supp.1988).

8. *See* Air Force Regulation 35–16, Volume 1, Section 5–12a(2)(f) (1984).

9. *See* R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(1).

10. 11 U.S.C.A. § 541(a)(6) (West Supp.1988). *Cf. In re Haynes*, 679 F.2d 718 (7th Cir.), *cert. denied sub nom., Miller v. Haynes*, 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982) (Military retirement benefits received after filing of bankruptcy petition are not property of the bankruptcy estate under section 541 of the Bankruptcy Code).

contend that the funds were withheld on May 31, 1987.[11] Defendant contends that the funds were withheld on June 12, 1987, the date of Mr. Kelly's discharge.[12] The Court notes, however, that both dates occurred after the commencement of Plaintiffs' Chapter 7 bankruptcy case. Thus, the Court's decision would be the same regardless of which date is used in analyzing the situation.

Additionally, the Court is of the opinion that the debt in question was created after the filing of Mr. Kelly's Chapter 7 bankruptcy case. Although Mr. Kelly was informally made aware of his impending discharge prior to filing his bankruptcy case, Mr. Kelly did not receive official notification of Defendant's intent to discharge him until after he had filed his bankruptcy case. Moreover, the actual discharge did not occur until more than a month after Mr. Kelly commenced his Chapter 7 bankruptcy case. Clearly, the debt in question is a postbankruptcy debt.[13]

Mr. Kelly asserts that Defendant is in violation of the automatic stay imposed by section 362 of the Bankruptcy Code.[14] Section 362 prohibits the collection of prebankruptcy debts. Since the debt in question in this adversary proceeding is a postbankruptcy debt, Mr. Kelly cannot properly assert a claim under section 362.

It is clear to the Court that the funds withheld by Defendant are not part of the bankruptcy estate, nor is the debt in question a prebankruptcy debt. The Court will therefore grant Defendant's motion to dismiss this adversary proceeding.

---

**11.** Affidavit of Charles L. Kelly (February 11, 1988).

**12.** Defendant's Memorandum in Support of Motion of United States to Dismiss Plaintiff's Complaint and in the Alternative Motion for Summary Judgment at 3.

**13.** The Court is not persuaded by Mr. Kelly's argument that the debt was created on the date of Mr. Kelly's reenlistment and was payable via servitude or reimbursement.

**14.** 11 U.S.C.A. § 362 (West 1979 & Supp.1988).