In re C.L. WHITESIDE & ASSOCIATES CONSTRUCTION CO., INC., Debtor.

C.L. WHITESIDE & ASSOCIATES CONSTRUCTION CO., INC., Plaintiff,

v.

SERVICO CAPITAL CORP. and Zeiger Crane Company, Defendants.

Bankruptcy No. 90–20758–BKC–SMW. Adv. No. 90–0243–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 31, 1990.

Ronald G. Neiwirth, Miami, Fla., for plaintiff.

Steven L. Cook, West Palm Beach, Fla., for Servico.

Gary M. Dunkle, West Palm Beach, Fla., for Zeiger.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came on before the Court first on June 27, 1990. The trial was not completed on that day, and was continued to August 15, 1990, upon the complaint of Plaintiff, C.L. Whiteside & Associates Construction Company, Inc., to quiet title to equipment, and for declaratory and injunctive relief. The Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The Plaintiff sued the Defendants to quiet title to a certain 1972 Link–Belt Mobile Crane, Identification Number 18HA397. It is a wheeled, over-the-road motor vehicle subject to Chapter 319, Florida Statutes, concerning title certificates. Plaintiff contends that it bought the crane in 1982 with the proceeds of a secured purchase money loan from Defendant Servico Capital Corp. ("Servico") [which has since changed its name to Condor Capital Corp.]. Thereafter, in April, 1989 Plaintiff sold the crane and leased it back from Defendant Zeiger Crane Rental Company ("Zeiger") (incorrectly designated in the complaint as Zeiger Crane Company), but was unable to deliver clear title, as Servico had obtained a duplicate title in its own name which it refused to deliver over to Zeiger.

Servico, on the other hand, claims that the 1982 transaction was not a secured purchase money loan but was an equipment lease. It claims that now that the lease has expired, it, and not Plaintiff (or Zeiger, claiming through Plaintiff), is the owner of Crane. It demands possession of the crane. It interposes defenses of lack of jurisdiction and statute of limitations.

The Court has reviewed the documentary evidence. From the undisputed documents,

the record shows that on October 12, 1982 Servico issued a commitment letter the purpose of which is stated to make an "equipment loan" to the Plaintiff in the estimated amount of $240,000. The collateral was to be a "Used Linkbelt crane". There is no dispute that the collateral recited in the commitment letter and in the loan documents is the same. Pursuant to its commitment letter, Servico then prepared and Plaintiff executed what appears to be a standard form promissory note and a Chattel Mortgage–Security Agreement in favor of Servico on November 22, 1982 to secure the loan, and Servico disbursed $240,000 of the loan proceeds to the vendor in accordance with Plaintiff's written instructions. At this point, Servico presumably was to perfect its lien by obtaining a title certificate in Plaintiff's name with Servico endorsed thereon as the lienholder, pursuant to Fla.Stat. § 319.24(2).

In 1985, Servico filed for Chapter 7 bankruptcy relief. It never listed any machinery or equipment in its asset schedule B–2. The individual who signed the schedules was James A. Carpinello, its president. He had no prior connection with Servico; he had purchased the company in 1984, two years after the transaction in question. He was Servico's sole witness at the trial.

On January 20, 1988, the Plaintiff paid off the loan in full, and UCC–3 termination statements were provided by Chase Lincoln First Bank, N.A. ("Chase"), the assignee from Servico of the original loan. The bank did not return the title and could not locate it.

In April, 1989, Plaintiff sold the crane to Defendant Zeiger and leased it back. When Plaintiff and Zeiger were still unable to locate the title, they entered into a side agreement whereby Plaintiff was bound to replace the crane with another crane (with good title) or in the alternative, pay the value thereof to Zeiger if the title could not be cleared within a reasonable time.

On February 4, 1990, Plaintiff filed its petition for Chapter 11 reorganization. Thereafter, Servico made a demand for possession of the subject crane. Plaintiff demanded that Servico turn over the title. This proceeding followed.

This is an adversary proceeding pursuant to B.R. 7001(2), (7) and (9). Jurisdiction is vested in this Court by 28 U.S.C. § 1334(b) and (d), as well as 28 U.S.C. § 157(b)(2)(A) and (O). This is a core proceeding.

■ In this case, the Court finds the loan documentation to be unambiguous. Collectively, the commitment letter, the note, the Chattel Mortgage–Security Agreement, and the letter authorizing disbursement of the loan proceeds clearly document a secured purchase money loan. The occasional reference in preprinted portions of the various instruments, such as "Lease Number", were sufficiently explained by Servico's original loan officer to be simply the borrower's account number. The documentation viewed collectively constitutes an integrated agreement. The transaction, being clear on its face, parol evidence will not be admitted to vary the material terms of the transaction. Under Florida law, Servico should have obtained a title certificate in Plaintiff's name, showing Servico as first lienholder. Fla.Stat. § 319.24(2). Thus, Servico's holding title in its own name and its refusal to surrender the title after the loan was paid off, is a direct violation of Fla.Stat. § 319.24(2), (3) and (5).

■ Servico claims that the statute of limitation bars Plaintiff from seeking the declaratory and injunctive relief it seeks. The Court disagrees. Fla.Stat. § 95.031 provides in relevant part that:

"(1) A cause of action accrues when the last element constituting the cause of action occurs...."

Fla.Stat. § 95.11(3) provides a general four year statute of limitations with regard to actions to recover specific personal property (subparagraph (i)) and any actions not otherwise specifically provided for in the statutes (subparagraph (p)). The statute of limitations is therefore 4 years from the time when the last element constituting Plaintiff's cause of action occurred.

■ Here, the loan closing took place in 1982. None of the witnesses know exactly what took place at the closing, but it appears that Servico actually took title to the crane in its own name, rather than perfecting its lien by obtaining title in Plaintiff's

name with Servico's lien endorsed thereon, in accordance with Fla.Stat. § 319.24. Plaintiff first became aware of Servico's error some time in 1988, after the loan had been paid off, when Plaintiff sought the original title from Chase and could not obtain it. Thus, the last element constituting Plaintiff's cause of action for injunctive relief and recovery of the title to its personal property only came into existence when Plaintiff discovered that Servico held a duplicate title to the crane, Plaintiff requested that Servico sign it over, and the request was denied. Therefore, Servico's statute of limitation defense is without merit.

■ Servico's third affirmative defense of *res judicata*—collateral estoppel is likewise without merit, as is its fifth defense that Plaintiff lacks an interest in the crane. It is true that in prior proceedings before this Court concerning adequate protection for Zeiger and payment under the lease agreements for several cranes, including the one at issue herein, that Plaintiff and Zeiger agreed that Plaintiff has no title interest in the subject crane. That is entirely consistent with this adversary proceeding, wherein Plaintiff seeks to complete performance under its executory sale and leaseback with Zeiger and to deliver title to Zeiger, which is entitled to receive it. If Plaintiff cannot deliver title under its executory agreement, it must replace the crane with another or pay the difference. Clearly, Plaintiff has an interest in the matter, although it doesn't have a proprietary interest in the crane itself.

■ Servico's fourth affirmative defense is its claim that Plaintiff would be unjustly enriched should it prevail. This Court is a court of equity. When a party comes before the Court seeking equity, it must demonstrate that it comes with clean hands. Here, in the 1985 bankruptcy of Servico, the crane was not listed in its asset schedule. Having failed to list the crane as an asset then, Servico is estopped from doing so now. The fourth affirmative defense is moot.

For the foregoing reasons the Court concludes that the 1982 transaction between Plaintiff and Servico was a purchase money loan transaction and not an equipment lease. There is no competent evidence whatsoever supporting Servico's lease theory. Mr. Carpinello didn't join the company until 2 years after the closing; thus, he has no firsthand knowledge of the original transaction at all. When, by January 20, 1988, Plaintiff paid off the loan in full, Plaintiff was entitled to have the title transferred to it and the original note and chattel mortgage returned to it marked satisfied or cancelled. Fla.Stat. § 319.24(5) Servico may not bootstrap its unilateral mistake in the manner of perfecting its lien into full ownership of a substantial piece of construction equipment. Its position is rejected. Servico had no further interest in the crane, and had no legal basis to refuse to transfer the title upon Plaintiff's demand. Further, since Plaintiff has been the owner of the crane since 1982, it had full authority to dispose of it on April 12, 1989, when it sold the crane to Zeiger. Title to the crane is vested in Zeiger Crane Rental Company.