17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re H. Russell PACE, d/b/a Seward's Folly, Debtor.
H. Russell PACE; John E. Havelock; John R. Strachan, Appellants,
v.
Kenneth W. BATTLEY, Trustee, Appellee.
 No. 92-36787.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1994.*
Decided Feb. 24, 1994.
 
 Before: GOODWIN, SCHROEDER and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The sole issue in this case is whether the trustee in the appellants' Chapter 7 bankruptcy proceeding abandoned the estate's interest in a malpractice claim that ultimately was settled on behalf of the appellant for $150,000. The Bankruptcy Court ruled that the claim had not been abandoned and that the settlement proceeds were the property of the estate. A Ninth Circuit Bankruptcy Appellate Panel affirmed, and Pace appeals. We affirm.
 
 
 3
 In 1984, Pace sold his interest in a night club to a third party and, in exchange, took a note in the amount of $360,000. The note was secured by two liquor licenses, but Pace never obtained a perfected security interest in the licenses because his attorney failed to file a proper financing statement with the state of Alaska. In 1986, Pace entered bankruptcy, and he included the note he had taken in his schedule of assets. Thereafter, when it became clear that the note was worthless because the security interests were not perfected, Pace brought a malpractice claim against his attorney. Pace's schedule of assets in bankruptcy never was amended to include the malpractice claim as an asset. The claim ultimately was settled for $150,000. After the claim was filed, but before it was settled, property remaining in the estate, including the worthless note, was abandoned pursuant to a general motion for abandonment filed by the trustee. The dispute in this case is whether Pace is entitled to keep the settlement proceeds, or whether they belong to the estate.
 
 
 4
 Pace concedes that the note, and the malpractice claim itself, were the property of the estate at one point. His claim accordingly rests on the proposition that the claim was, at some later time, abandoned by the trustee. Under 11 U.S.C. Sec. 554, there are three methods by which the property in a debtor's estate can be abandoned. First, after notice and hearing, the estate may abandon any property that is "burdensome" to the estate or is of little value. Id. Sec. 554(a). Second, on motion, the court may order the abandonment of certain properties. Id. Sec. 554(b). Third, once a bankruptcy case is closed, any assets that have been properly scheduled, but not administered, are abandoned by operation of law. Id. Sec. 554(c).
 
 
 5
 It is clear that there has been no abandonment either under Sec. 554(a) or under Sec. 554(b). See Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 709-10 (9th Cir.1986). The trustee never noticed a hearing for abandonment of the malpractice claim under Sec. 554(a), and the court did not order its abandonment as required by Sec. 554(b). In addition, the malpractice claim was not abandoned by operation of law under Sec. 554(c) because it was never formally scheduled as an asset. Vreugdenhill v. Navastar Int'l Trans. Corp., 950 F.2d 524, 526 (8th Cir.1991) (citing 4 Collier on Bankruptcy Sec. 554.02 (1982)). By statute, any property that has not been abandoned under Sec. 554(a-c) continues to be the property of the estate. 11 U.S.C. Sec. 554(d).
 
 
 6
 Pace nevertheless argues that the trustee abandoned the malpractice claim by abandoning the note. The BAP properly rejected this argument. The note and the claim itself are two entirely different assets--one was worthless, one was not. By abandoning what was, at the time, a worthless note, the trustee was not abandoning a valuable claim. Whether or not a trustee has knowledge of a potentially valuable asset, formal scheduling is required to ensure that the trustee knows exactly which assets are subject to abandonment. See Vreugdenhill, 950 F.2d at 526. Accordingly, because the malpractice claim never was explicitly scheduled, it has always been the property of the estate, and it did not revert to the debtor upon the granting of the general motion for abandonment.
 
 
 7
 The decision of the Bankruptcy Appellate Panel is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3