### In the Matter of Gail G. GRISEUK, Debtor.

### Bankruptcy No. 89–3086–8B7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 13, 1994.

Bernard J. Morse, Tampa, FL, for debtor.

Stephen Meininger, Tampa, FL, Trustee.

### ORDER ON TRUSTEE'S OBJECTION TO AMENDED PROPERTY CLAIMED AS EXEMPT

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration, upon Trustee's Objection to Exemptions claimed by Debtor in the above captioned case. The Court has considered the Objection, together with the record, and finds the undisputed facts as follows:

Debtor filed for relief under Chapter 11 of Title 11 United States Code, on May 5, 1989. The case was subsequently converted to Chapter 7 on February 20, 1992. During the pendency of the Chapter 11 plan, and prior to conversion to Chapter 7, Debtor acquired a claim against Albertson's for personal injuries. Debtor amended her schedules to in-clude the claim against Albertson's as exempt in which Trustee objected.

There are two questions raised by virtue of Trustee's Objection. First, Debtor contends the tort claim, arising after the commencement of the Chapter 11 case and before the conversion to Chapter 7, is not property of the estate because it does not come under the purview of 11 U.S.C. § 541. Second, Debtor claims the Tort injuries compensate her for lost wages which are exempt regardless of the disposition of the first question.

■ Analysis begins with Debtor's first assertion. In support thereof, Debtor offers *In re Doemling*, 127 B.R. 954 (W.D.Pa.1991) as authority. In *Doemling*, the Debtor commenced a Chapter 11 case and was subsequently involved in an accident that resulted in a valid personal injury tort claim. The committee for the unsecured creditors objected to Debtor's proposed amended plan. In the amended plan, Debtor did not provide for the distribution of any recovery that was obtained in a successful lawsuit, which precluded unsecured creditors from receiving funds to satisfy any of their claims.

The Court in *Doemling* commented as to the intimation of 11 U.S.C. § 541(a)(7): "any interest in property that the *estate* acquires after the commencement of the case." [Emphasis added] The tort action was property contemplated under 11 U.S.C. § 541(a)(7), but the Court suggested there is a difference between the Debtor and the Debtor-in-possession.[1] "The Debtors, [individual Debtors-in-possession], have an identity independent of the bankruptcy estate that was created when the Doemlings filed their petition. The Debtors and the estate are not interchangeable." *Doemling*, 127 B.R. at 955. Therefore, the tort action was privy to the Debtor, not the Debtor-in-possession, and was not property of the estate. The court found to hold otherwise would be inequitable and prevent a "fresh start" of a debtor. *Id.* at 957.[2]

---

1. Debtor means a person or municipality concerning which a case under this title has been commenced. 11 U.S.C. § 101(13). Person includes individual, partnership, and a corporation.... 11 U.S.C. § 101(41).

2. The discussion in *Doemling* revolves around the pre-Bankruptcy Code case of *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). In that case, the Supreme Court stated that whether property was included in the estate is determined by examining whether property "is sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start that it should be regarded as 'property' under § 70a(5)." *Id.* at 380, 86 S.Ct. at 515. The *Doemling* court held there would be interference

**958**

■ In *In re Brannan,* 40 B.R. 20 (Bankr. N.D.Ga.1984),[3] the court discussed the relationship with respect to Chapter 11:

> In contrast to the establishment of two separate estates at the time of an individual debtor filing a Chapter 7 case, only one estate is established at the filing of a typical Chapter 11 case. The purpose of the Chapter 11 case is business reorganization. To this end, the debtor-in-possession submits a reorganization plan in order to rehabilitate and continue the operation of the business. All of the assets of the debtor, pre-petition and post-petition, are applied to the reorganization effort and must be dealt with in the plan for the benefit of creditors. Because the debtor is the business[,] and success is measured by survival not liquidation, no individual or personal estate separate from the Title 11 Chapter 11 case is created at the time of filing.

*Id.* at 23 n. 2.

■ In a Chapter 11 case, the debtor and the debtor-in-possession are one in the same. The Supreme Court addressed the Chapter 11 "new entity" issue and rejected the dual identity theory. *Bildisco and Bildisco v. National Labor Relations Board (National Labor Relations Board),* 465 U.S. 513, 528, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984). If the debtor-in-possession:

> were a wholly "new entity," it would be unnecessary for the Bankruptcy Code to allow it to reject executory contracts, since it would not be bound by such contracts in the first place. For our purposes, it is

sensible to view the debtor-in-possession as the same "entity" which existed before the filing of the bankruptcy petition, but empowered by virtue of the Bankruptcy Code to deal with its contracts and property in a manner it could not have employed absent the bankruptcy filing.

*Id. See In re Hartec Enterprises, Inc.,* 117 B.R. 865, 871 (1990). In Chapter 11, as a practical matter, the debtor and the debtor-in-possession are functionally the same entity. *Id.; Fanelli v. Hensley (In re Triangle Chemicals),* 697 F.2d 1280, 1290 (5th Cir. 1983) (no distinction between "debtor" and "debtor-in-possession" with regard to acts or transactions subsequent to filing a reorganization petition).

An individual, as debtor-in-possession, is the "estate" in Chapter 11. To allow the debtor-in-possession to select what non-exempt assets are property of the estate in a subsequent Chapter 7 is as illogical as suggesting Chapter 11 administrative claims be disallowed for being post-petition. Otherwise, it would permit a debtor to obtain a windfall whenever property is derived during the pendency of the Chapter 11 case. This unconscionable result would encourage Chapter 11 debtors to immediately convert to Chapter 7 and retain the non-exempt asset, yet discharge its debts.

■ Whether any of the proceeds from the personal injury claim are exempt depends on the degree they are exempt under Florida statutes. In *In re Acton Foodservices Corp.,* 39 B.R. 70 (Bankr.D.Mass.1984),

---

with the Debtor's ability to make an unencumbered fresh start by including the post-petition property. *Id.* 127 B.R. at 957 n. 3.

**3.** Within the Chapter 7 context, the analysis of property of the estate is succinctly put in *In re Brannan,* 40 B.R. 20 (Bankr.N.D.Ga.1984).

> The implication of 11 U.S.C. § 541(a)(7) with regard to a case under either Chapter 7, Chapter 11 or Chapter 13 is not identical. Part of the symmetry is a product of the different purposes each of the chapters serves. When an individual debtor files a Chapter 7 case, all non-exempt property of the Chapter 7 estate is to be liquidated for the benefit of creditors. Because Congress has established a fresh-start policy for the debtor, a new post-petition estate belonging to the individual debtor is created

simultaneously with the filing. Into this individual post-petition estate, the debtor may transfer any property he can exempt out of the Chapter 7 estate as well as post-petition earnings from services he has performed. Other property which the debtor receives, after filing and which is not governed by the exceptions in § 541(a)(5), would also be part of the debtor's fresh start estate.

*Id.* at 23 n. 2. Therefore, property acquired after commencement of the Chapter 7 case is not property of the estate. *In re of Haynes,* 679 F.2d 718 (7th Cir.1982) (debtor's post-filing Navy retirement pay of $610 per month not property of Chapter 7 estate); *In re Lennon,* 65 B.R. 130, 135 (Bankr.N.D.Ga.1986); *Kelly v. United States Air Force (In re Kelly),* 88 B.R. 477 (Bankr.M.D.Ga. 1988) (post-petition enlistment bonus of a Chapter 7 debtor, not property of the estate).

the debtor filed a voluntary Chapter 11 case which subsequently failed and was converted to Chapter 7. A cause of action arose during the Chapter 11 case. The Court stated:

> The scope of the estate is broad: it includes, with two minor exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1)." Section 541 goes on to include in the estate "[p]roceeds, product, offspring, rents, and profits of or from property of the estate," subject to one important limitation: "except such as are earned from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6).... Additionally, "[a]ny interest in property that the estate acquires after the commencement of the case" is included in the bankruptcy estate. 11 U.S.C. § 541(a)(7). Thus, property interests acquired after the filing of [the Debtor's] Chapter 11 petition and prior to the conversion to Chapter 7 will be excluded from the Chapters 11 and 7 bankruptcy estates *only to the extent* that such property can be considered "earnings from services performed ... after the commencement of the case." 11 U.S.C. § 541(a)(6). *See In re Lotta Water Land Co.,* 25 B.R. 32 (Bankr.N.D.Tex.1982) (the proceeds of the sale of corn are not personal earnings but instead represent an interest in property acquired after the commencement of the Chapter 11 case which passes to the Chapter 7 trustee.) [Emphasis added]

*Acton Foodservices,* 39 B.R. at 72. *See also Fitzsimmons v. Walsh (In re Fitzsimmons),* 725 F.2d 1208, 1211 (9th Cir.1984) (personal earnings of sole proprietor attorney not property of estate); *In re Matter of Bianco,* 52 B.R. 33 (Bankr.W.D.Pa.1985) (airline pilot post-filing personal earnings exceeding $100,-000 in aborted Chapter 11, not property of estate upon conversion to Chapter 7 case). Any property interests accruing to the Chapter 11 estate are property of the Chapter 7 estate. If Debtor has wages earned and claims them as exempt in the Chapter 7 case, then she may have a valid exemption to that part of the claim allowable as a wage exemption under Florida law.

This Court finds Debtor's tort claim is property of the estate in the instant case. However, Debtor has amended her schedules to include the tort claim as exempt property in the nature of compensation for lost wages. Therefore, Trustee's Objection to Exemptions claimed by Debtor is sustained excluding that portion of the personal injury claim Debtor can establish represents wages.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED the Objection to Amended Property Claimed as Exempt be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED the personal injury claim is property of the estate. Debtor is given 15 days from entry of this Order to amend her schedules as to that portion of personal injury claim she claims as a wage exemption. Trustee is given 15 days from date schedules are amended by Debtor to object to any wage exemption.

DONE AND ORDERED.