In re John V. CAPOZZI, SS# 160–22–1606, Debtor.

John V. Capozzi and Gibraltar Development, Inc.
Plaintiffs,

v.

Marika Tolz, Trustee, Defendant.

Bankruptcy No. 88–01877–BKC–RBR.
Adversary No. 98–2283–BKC–RBR–A.

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

Jan. 28, 1999.

Reggie David Sanger, Fort Lauderdale, FL, for Marika Tolz, trustee.

Mariaelena Gayo–Guitian, Fort Lauderdale, FL, for plaintiffs.

### OPINION AND ORDER GRANTING TRUSTEE'S MOTION FOR FINAL SUMMARY JUDGMENT

RAYMOND B. RAY, Bankruptcy Judge.

THIS MATTER came before the Court on Trustee Marika Tolz's Motion for Final Summary Judgment (Doc. # 18). Debtor John Capozzi and Gibraltar Development Inc., (collectively referred to as "Capozzi" or "Debtor") reopened the administration of this estate and filed an adversary complaint seeking declaratory judgment determining ownership of a cause of action. The action at issue is a pre-petition cross claim filed by John Capozzi and his wife Margaret Capoz-

zi[1] against TGSV Inc., a construction company and creditor of the estate, and F & D Deposit Company of Maryland, TGSV's surety. The cross claim alleges defective construction of an office building.

The standard for granting summary judgment is not at issue. If there is no "genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law", then summary judgment is appropriate. Federal Rules of Bankruptcy Procedure 7056. In opposing a motion for summary judgment, a party must present contrary facts "as would be admissible in evidence." Fed.R.Civ.P. 56(e). The Trustee asserts that there are no disputed issues of fact and that she is entitled to a determination that the estate owns the cross claim as a matter of law.

In the complaint for declaratory relief, Capozzi accurately describes the relevant facts. The cross claim was pending at the time Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Capozzi's schedule of assets affirmatively listed as an asset a *counterclaim* then pending in state court against Miami Wall. Neither the schedule of assets nor the later filed disclosure statement ever listed the cross claim as a distinct asset.

During the course of administering the estate, the Trustee gave notice of a proposed sale of the counterclaim. Capozzi objected to the proposed sale of the counterclaim, an auction was held, and this Court entered an order confirming the sale of the counterclaim for $36,000.00 to Gibraltar Management Inc. The Trustee then filed a Report of Sale stating that the counterclaim against Miami Wall was sold. The cross claim against TGSV and F & D was never mentioned in the notice of proposed sale, Capozzi's objection to the proposed sale, the order confirming the sale, nor in the Report of Sale. For the purposes of this motion, the Trustee concedes that she had actual knowledge of the existence of the cross claim. The parties agree that there was no formal abandonment of the cross claim under 11 U.S.C. § 554(a) or (b).

As described in the joint pretrial statement, Capozzi claims two grounds for ownership of the cross claim: First, by virtue of the Trustee's knowledge, the cross claim was abandoned by operation of law when the estate was closed pursuant to 11 U.S.C.A. 554(c); and second, that Gibraltar purchased the cross claim at the Trustee's auction as part of the purchase of the counterclaim. As neither assertion has any evidentiary or legal support, and as the facts in this record are undisputed, summary judgment is appropriately entered in favor of the Trustee determining that the estate of the Debtor still owns the cross claim.

With respect to abandonment, 11 U.S.C. § 554(c) provides:

> Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor. . . .

■ The law is clear that property cannot be abandoned by operation of the above provision unless the debtor formally lists the property in his schedules. *Jeffrey v. Desmond*, 70 F.3d 183 (1st Cir.1995); *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524 (8th Cir.1991); *Stanley v. Sherwin–Williams Co.*, 156 B.R. 25 (W.D.Va.1993). Actual knowledge of the asset by the Trustee is irrelevant if the asset is not scheduled before the close of the case. *Vreugdenhill*, 950 F.2d at 526; *In re Winburn*, 167 B.R. 673 (Bankr.N.D.Fla.1993).

In this case, the cross claim was not listed on the Debtor's schedules, and the schedules were not amended to include the cross claim before the case was closed. Therefore, the cause of action was not abandoned by operation of § 554(c) and, pursuant to § 554(d)[2], remains property of the estate.

---

1. Although not a party to this declaratory judgment action, Margaret Capozzi is a debtor in Case No. 88–02846–BKC–RBR, which estate was also reopened to determine ownership of the cross-claim.

2. Section 554(d) provides that " ... property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

█ The Court also finds that the cross claim was not sold as part of the counterclaim, as is argued by the Debtor. The documents which comprise the sale all unambiguously state that the counterclaim alone was offered for sale. The Trustee's notice of sale, Capozzi's objection to the sale, the court order approving the sale, and the Trustee's report of sale all specifically refer to disposition of the counterclaim. Since the transaction is clear on its face, the Court will not consider parol evidence to vary or modify its terms. *See, C.L. Whiteside & Assocs. Constr. Co., Inc. v. Servico Capital Corp. (In re C.L. Whiteside & Assocs. Constr. Co., Inc.),* 118 B.R. 886 (Bankr.S.D.Fla.1990).

Accordingly, the Court finds that the Trustee is entitled to entry of summary judgment in her favor. Judgment will be entered accordingly.