**In re Charles A. KOTTMEIER, M.D. and Celia Ann Kottmeier, Debtors.**

**Charles A. Kottmeier, M.D. and Celia Ann Kottmeier, Appellants,**

**v.**

**United States of America and Traci K. Strickland, as Chapter 7 Trustee, Appellees.**

No. 97–2561–CIV–T–24 E.

United States District Court, M.D. Florida, Tampa Division.

March 25, 1999.

B. Gray Gibbs, Gibbs & Runyan, P.A., St. Petersburg, FL, for appellants.

Traci Strickland, St. Petersburg, FL, pro se.

John Allen Yanchunis, Sr., John A. Yanchunis, P.A., St. Petersburg, FL, for appellee.

Michael A. Cauley, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, pro se.

### *ORDER*

BUCKLEW, District Judge.

This cause comes before on Appellants' Appeal from judgment of the United States Bankruptcy Court for the Middle District of Florida, which was entered on April 15, 1997, by Bankruptcy Judge Thomas E. Baynes, Jr. Appellants filed their initial brief on November 10, 1997. (Doc. No. 5.) Appellee Traci K. Strickland, the successor Chapter 7 Trustee, filed an answer brief on December 18, 1997. (Doc. No. 8.)

## I. BACKGROUND

The Appellants filed for Chapter 7 bankruptcy protection on October 30, 1991, filing along with their petition a schedule of their assets and liabilities. The Bankruptcy Court appointed Charles L. Weissing to be Chapter 7 Trustee. On February 14, 1992, the United States of America filed an estimated tax claim in the Chapter 7 case. The United States further asserted that its pre-petition tax claim was entitled to priority under 11 U.S.C. § 507(8). On December 21, 1992, pursuant to an order of the Bankruptcy Court dated December 17, 1992, Weissing paid the Internal Revenue Service $25,000 as an interim distribution toward the Government's priority tax claim. On January 25, 1993, however, the Government withdrew its proof of claim and returned the $25,000 payment to Weissing.

On March 1, 1993, the Appellants moved to abate any further distributions by Weissing, arguing that the Government had erroneously returned the $25,000 and that further distributions would prejudice the Government's priority claim. The Bankruptcy Court denied this motion on May 20, 1993, and vacated the interim distribution, allowing the Government's tax claim as filed. The Bankruptcy Court further instructed the Trustee not to make further interim distributions. On May 27, 1993, the Bankruptcy Court ordered the Trustee to make a final distribution to the IRS in the amount of $25,646.99. The Trustee's final report, which was filed on August 10, 1993, recorded the disbursement to the IRS in the amount of $25,646.99. On August 16, 1993, the Bankruptcy Court entered its final decree, discharging Weissing as Trustee and closing the Appellants' Chapter 7 case.

On March 11, 1994, Appellants filed a motion to reopen the case, claiming that IRS was not owed the $25,646.99 disbursed to it. The Appellants claimed, moreover, that they themselves were entitled to the $25,646.99 because the Trustee had, by failing to pursue the claim, abandoned it. The Bankruptcy Court denied this motion on June 2, 1994. On April 14, 1995, Appellants filed a claim with the IRS for a refund of $25,646.99. Because the IRS did not respond, Appellants filed suit in the

United States Court of Federal Claims. The United States Trustee consequently moved to reopen the Chapter 7 case so that the IRS might turnover the $25,646.99, which it conceded had been erroneously withheld. On June 4, 1996, the Bankruptcy Court granted the motion and directed the United States Trustee to appoint a Chapter 7 Trustee. The United States Trustee appointed the Appellee as Chapter 7 Trustee. The United States and the Appellee subsequently moved to compel turnover of the $25,646.99 to the Estate. The Appellants concurrently moved to compel turnover to themselves, again arguing that the prior Trustee had abandoned the claim.

On April 15, 1997, the Bankruptcy Court held an evidentiary hearing on the motions. Concluding that Appellants' failure to amend their schedule of assets to include the claim against the Government precluded abandonment of the claim by the Trustee, the Bankruptcy Court denied Appellants' motion and granted the joint motion of the United States and the Appellee. Appellants subsequently filed this appeal.

## II. DISCUSSION

■ Although the Appellants formally set out two objections, both involve the same grievance, which is that the Bankruptcy Court erred in concluding that the claim against the Government for $25,646.99 had not been abandoned by the Trustee but instead remained the property of the estate. This is, initially at least, a question of law involving the proper interpretation of 11 U.S.C. § 554(c). Thus, with regards to the Bankruptcy Court's conclusion on this point, this Court exercises de novo review. *See In re Owen,* 86 B.R. 691, 693 (M.D.Fla.1988).

■ When a debtor files for bankruptcy protection an estate is created,

which is comprised of all the debtor's property interests at the time of filing. In order to define those interests, the Bankruptcy Code imposes upon the debtor a duty to file a schedule of assets and liabilities. 11 U.S.C. § 521(1). For the purpose of the bankruptcy case, these are not static insofar as the estate also includes post-petition property interests. *See* 11 U.S.C. § 541(a)(7); *In re Betty Owens Sch., Inc.,* No. 96–C.V.–3576, 1997 WL 188127, at *2 (S.D.N.Y. Apr. 17, 1997). These may include causes of action that have arisen in the interim period between the initial petition and discharge. *See In re Betty Owens,* 1997 WL 188127, at *2; *In re Griseuk,* 165 B.R. 956, 957–59 (Bankr. M.D.Fla.1994); *In re Schepps Food Stores, Inc.,* 160 B.R. 792, 799 (Bankr.S.D.Tex. 1993); *Stanley v. Sherwin–Williams Co.,* 156 B.R. 25, 26 (W.D.Va.1993); *In re Acton Foodservices Corp.,* 39 B.R. 70, 72 (Bankr.D.Mass.1984). Consequently, when an asset comes into being after filing the Chapter 7 petition, the debtor is well-advised to amend its schedule of assets accordingly, *see* Fed.R.Bankr.P. 1009(a), for the effect of failure to schedule an asset is that the Debtor cannot later claim it has been abandoned by the Trustee in favor of the Debtor.[1] *See* 11 U.S.C. § 554(c); *In re Medley,* 29 B.R. 84, 86 (Bankr.M.D.Tenn.1983).

■ In this instance, the Appellants became aware of their cause of action some time between the filing of their petition and before the closing of their Chapter 7 case. The Appellants concede that they never scheduled the $25,646.99 claim as an asset. They claim, however, that Weissing, the prior Trustee, was made aware of the asset but took no action to claim it for the Estate. This awareness, according to Appellants, effectively obviated the requirement that the asset be scheduled in order for it to be abandoned in their favor.

---

1. "Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor...." 11 U.S.C. § 554(c). The Trustee may also abandon property intentionally, *see* 11 U.S.C. § 554(a), or under compulsion. *See* 11 U.S.C. § 554(a).

Prior to the enactment of section 554 such "assumed abandonment" was not impossible. *See Conklin v. St. Lawrence Valley Educ. T.V. Council, Inc.,* No. 93–CV–984, 1994 WL 780898, at *4 (N.D.N.Y. Oct. 31, 1994); *Stanley v. Sherwin–Williams Co.,* 156 B.R. 25, 27 n. 1 (W.D.Va.1993) (citing *In re Webb,* 54 F.2d 1065 (4th Cir.1932)).[2] Section 554(c), however, does not speak in terms of the trustee's awareness of the asset, or accept proof of such awareness as an alternative to proof that the asset was scheduled in accordance with section 521(1). *See supra* note 1; *see also In re McCoy,* 139 B.R. 430, 431 (Bankr.S.D.Ohio 1991) ("[T]he word 'scheduled' in 554(c) has a specific meaning and refers only to assets listed in a debtor's schedule of assets and liabilities."). Consequently, the vast majority of courts have taken the statute at its word, requiring that an asset be scheduled before it can be abandoned, regardless of the trustee's awareness of it. *See Jeffrey v. Desmond,* 70 F.3d 183, 186 (1st Cir.1995) (holding that "[debtors'] alleged discussion with Trustee" about unscheduled cause of action does not lift requirement that it be scheduled under 521(1) to be abandoned under 554(c)); *Bittel v. Yamato Int'l Corp.,* 70 F.3d 1271, No. 94–1396, 1995 WL 699672, at *4 (6th Cir.1995) ("[Section 554(c) ] requires listing the asset, even if the trustee is aware of the asset through other channels."); *In re Pace,* No. 92–36787, 1994 WL 55523, at *2 (9th Cir. Feb. 24, 1994) ("Whether or not a trustee has knowledge of a potentially valuable asset,

formal scheduling is required...."); *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir.1991) ("It is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to section 521(1)."); *In re Capozzi,* 229 B.R. 250, 251 (Bankr.S.D.Fla.1999) ("Actual knowledge of the asset by the Trustee is irrelevant if the asset is not scheduled before the close of the case."); *Conklin v. St. Lawrence Valley Educ. T.V. Council, Inc.,* No. 93–CV–984, 1994 WL 780898, at *3 (N.D.N.Y. Oct. 31, 1994) ("A cause of action that was never scheduled as an asset can not be abandoned by operation of law, even if the trustee knew of the cause of action and determined not to pursue it...."); *In re Winburn,* 167 B.R. 673, 676 (Bankr. N.D.Fla.1993) ("If the debtor fails to list an asset of the estate in his schedules and this property is not administered before the case is closed, then the asset is not deemed abandoned. Whether the trustee or any creditor knew about the asset is irrelevant."); *In re Davis,* 158 B.R. 1000, 1002 (Bankr.N.D.Ind.1993) ("[Section 554(c)] explicitly provides that it applies only to property that has been scheduled, and it is not enough that the trustee learns of the property through other means."); *Stanley v. Sherwin–Williams Co.,* 156 B.R. 25, 27 (W.D.Va.1993); *In re McCoy,* 139 B.R. at 431 ("[T]here is no support for the thesis that knowledge changes the express language of the statute."); *In re Fossey,* 119 B.R. 268, 271 (D.Utah 1990) (same).[3]

---

**2.** "Many courts held that a formal act was not absolutely essential and that any clear manifestation of the trustee's intent to disclaim would suffice. But whether a manifestation of intent was clear enough frequently raised difficult questions of fact, particularly where the manifestation consisted of inaction rather than action." 4 *Collier on Bankr.,* ¶ 554.01 (Lawrence King et al., eds., 15th ed.1993).

**3.** In lone opposition stands *In re Hill,* 195 B.R. 147 (Bankr.D.N.M.1996), which is cited by the Appellants. Although the *Hill* court did question a rigid requirement that assets be scheduled in order to be abandoned for purposes of section 554(c), it is important to

note that the debtors in that case did list the unscheduled asset on a "Statement of Financial Affairs." When the trustee subsequently filed a report of no assets, he explicitly abandoned "any and all assets listed on the *statements and schedules* filed in this case which have not been otherwise administered." *Id.* at 148 (emphasis added). The *Hill* court emphasized this point, noting that it necessarily led to the conclusion that the asset in question had been "deliberately and knowingly abandoned," and thus rendered inquiry into section 554(c)'s scheduling requirement largely "academic." Arguably, then, *Hill* was more properly decided under section 554(a), which

Based on the express language of the statute and on the consensus among the courts that have interpreted that language, the Court concludes that Bankruptcy Court did not err in determining that the funds in question had not been abandoned, and that, as a consequence, they must be turned over to the Appellee as Trustee. Accordingly, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's Order is **AFFIRMED;** and the Clerk is directed to CLOSE case number 97–2561–CIV–T–24(E).

provides for explicit abandonment of an asset by the Trustee. In any case, any broader holding in *Hill* is unsupported by either the statute or case law elsewhere. Appellants

also cite to *Barletta v. Tedeschi,* 121 B.R. 669 (Bankr.N.D.N.Y.1990). As Appellee notes, however, the asset held abandoned in *Barletta* had been explicitly scheduled.