[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION DEFENDANT COLONIAL SUPPLY CO., INC. MOTION TO DISMISS
Pursuant to this court's Memorandum of Decision dated July 24, 2002, the parties submitted additional memoranda on the issue of the ownership of the personal property at the time of the fire. Due to the length of time which has elapsed since the plaintiffs' bankruptcy proceeding and the destruction of that file, Attorney Michael Daly, Bankruptcy Trustee, cannot provide an opinion on whether this claim was properly an asset of the bankruptcy estate.
This court agrees that the plaintiffs had an affirmative duty to list personal property on their Schedule B. Attorney Daly, in his response letter of August 14, 2002, however, states: "I believe, but cannot verify, that there would have been a discussion with respect to Debtor's Schedule B, since it appears that they [the plaintiffs] did not even list clothing." The plaintiffs argue[1] in their brief that the personal property was destroyed by the fire prior to the initial meeting with Attorney Daly, information they disclosed to Attorney Daly at the meeting. This would explain why the Schedule B listing may have been "excused" by the Trustee.
Nonetheless, neither the property or the potential claim for the property were ever scheduled by the plaintiffs during the pendency of their bankruptcy; nor, were they ever abandoned by the Bankruptcy Trustee. Under 11 U.S.C. § 554 (d) "[U]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." This holds true following the closure of the bankruptcy case.Tuttle v. Equifax Check Service, 1997 WL 8335055 (D.Conn. 1997). See also: In Re Kottmeier, M.D. Fla. 1999, 240 B.R. 440 (Claim of which debtors became aware during the bankruptcy proceeding, but was never scheduled by the debtors, was not abandoned by the Trustee's failure to pursue it, despite the Trustee's knowledge of the claim while the CT Page 11693 bankruptcy was pending.)
11 U.S.C. § 541 (a)(1) provides that the bankruptcy estate will be comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case." The bankruptcy estate owned the personal property at the time it was destroyed in the fire; the potential claim concerning the destruction of the personal property by fire also belonged to the estate. The claim was never abandoned by the bankruptcy trustee; accordingly, it continues to belong to the bankruptcy estate. The plaintiffs, therefore, lack standing to pursue this action.
For the above reasons the Defendants' Motion to Dismiss the action as to Walter and Maureen Mowad is granted for lack of subject matter jurisdiction.
By The Court,
Judge Carol Wolven