91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Perry DUBIN, Defendant-Appellant.
 No. 95-50261.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1996.
Decided July 5, 1996.
 
 Before: FARRIS, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 INTRODUCTION
 
 2
 Robert Perry Dubin appeals his conviction, following a jury trial, and sentence under the Sentencing Guidelines for conspiracy to commit bankruptcy fraud, in violation of 18 U.S.C. § 371, concealing assets in a bankruptcy proceeding and making false statements in bankruptcy, in violation of 18 U.S.C. § 152, and subscribing to materially false statements on a tax return, in violation of 26 U.S.C. § 7206(1). Dubin was sentenced to sixty-three months imprisonment. We affirm the conviction, but vacate the sentence in part and remand for resentencing.
 
 DISCUSSION
 A. Validity of Indictment
 
 3
 In order to determine whether an indictment is duplicitous, a court need only review "whether the indictment itself can be read to charge only one violation in each count." United States v. Martin, 4 F.3d 757, 759 (9th Cir.1993); United States v. Yarbrough, 852 F.2d 1522, 1530 (9th Cir.), cert. denied, 488 U.S. 866, 109 S.Ct. 171, 102 L.Ed.2d 140 (1988) (internal quotation marks omitted). "An indictment is not duplicitous merely because it charges a conspiracy to commit more than one offense." United States v. Bauer, No. 94-30073, slip op. 6003, 6025 (9th Cir. May 20, 1996); see also United States v. Begay, 42 F.3d 486, 501 (9th Cir.1994), cert. denied, --- U.S. ----, 116 S.Ct. 93, 133 L.Ed.2d 49 (1995); United States v. Licciardi, 30 F.3d 1127, 1131 (9th Cir.1994). "The purpose of a motion to strike [surplusage] under Fed.R.Crim.P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges.' " United States v. Terrigno, 838 F.2d 371, 373 (9th Cir.1988) (quoting United States v. Ramirez, 710 F.2d 535, 544-45 (9th Cir.1983).
 
 
 4
 The indictment charged the Dubins with conspiracy to commit two offenses; concealing assets and making false statements. Nevertheless, the conspiracy count only charged one conspiracy; a conspiracy to commit bankruptcy fraud. Therefore, even though the conspiracy charge against the Dubins charged two offenses, the count was not duplicitous. See Bauer, No. 94-30073, slip op. at 6025; Begay, 42 F.3d at 501; Licciardi, 30 F.3d 1131. The inclusion of Dubin's embezzlement also did not create a duplicitous count. The embezzlement and the concealment of the embezzlement funds were described in a section separate from the section describing the conspiracy, and they were clearly labeled "means of the conspiracy." Count one of the indictment can only be read to charge one count of conspiracy to commit the two acts of bankruptcy fraud. The count cannot be logically read to charge conspiracy to embezzle. Thus, the conspiracy count was valid and not duplicitous. See Martin, 4 F.3d at 759; Yarbrough, 852 F.2d at 1530-31.
 
 
 5
 In addition, the reference to the embezzlement served to describe the offenses in the conspiracy charge. The reference was relevant and material to the conspiracy charge. Thus, the district court did not abuse its discretion when it denied the Dubins' motion to strike the reference to the embezzlement as surplusage. See Terrigno, 838 F.2d at 373-74; Ramirez, 710 F.2d 544-45.
 
 B. Admission of Tax Returns
 
 6
 We have established a four-part test for admissibility of "other acts" evidence under Rule 404(b). United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994). However, "other acts" evidence does not have to meet Rule 404(b) requirements if the evidence is "inextricably intertwined" with the crime with which the defendant is charged. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir.1995); United States v. Williams, 989 F.2d 1061, 1070 (9th Cir.1993); United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987). Generally, to qualify as "inextricably intertwined," the evidence must be evidence that "constitutes a part of the transaction that serves as the basis for the criminal charge." Vizcarra-Martinez, 66 F.3d at 1012-13.
 
 
 7
 Here, the falsified tax returns were inextricably intertwined with the charged conduct. The returns were necessary to demonstrate how Dubin was able to benefit from assets that were not reported to the bankruptcy court. They were part of the transactions that served as the basis for the criminal charge. See id. Thus, the district court did not abuse its discretion when it admitted the tax returns. See United States v. Marashi, 913 F.2d 724, 735 (9th Cir.1990). In addition, any prejudice resulting from the admission of the tax returns was minimized by the court's limiting instruction.
 
 C. Prosecutorial Misconduct
 
 8
 In order to receive a new trial based on prosecutorial misconduct, a defendant must demonstrate that the prosecutor engaged in improper conduct and that "it is more probable than not that the prosecutor's conduct materially affected the fairness of the trial." United States v. McKoy, 771 F.2d 1207, 1212 (9th Cir.1985); see also United States v. Aichele, 941 F.2d 761, 765 (9th Cir.1991); United States v. Smith, 893 F.2d 1573, 1583 (9th Cir.1990); United States v. Polizzi, 801 F.2d 1543, 1558 (9th Cir.1986). The prosecutor's conduct must be viewed in the context of the entire trial. McKoy, 771 F.2d at 1212.
 
 
 9
 Assuming that the prosecutor's conduct was improper, it did not affect the fairness of the trial. Essentially, the record demonstrates that if the prosecutor was too zealous in instructing agent Dietch regarding the mode of his answers, the agent did not follow the instructions, and the matter was brought to the attention of the defense, which then cross-examined him about it. Thus, Dubin fails to demonstrate that the misconduct materially affected the fairness of the trial. See Aichele, 941 F.2d at 765; Smith, 893 F.2d 1583; Polizzi, 801 F.2d at 1558; McKoy, 771 F.2d at 1212. The honest agent deflected any harm that the prosecutor's error might otherwise have inflicted. The district court did not abuse its discretion when it denied Dubin's motion for a mistrial based on prosecutorial misconduct. See United States v. Meling, 47 F.3d 1546, 1556 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 130, 133 L.Ed.2d 79 (1995).
 
 D. Sentencing
 1. Amount of Loss
 
 10
 Under the Sentencing Guidelines, the amount of loss resulting from an offense involving fraud is a factor in determining the proper offense level. U.S.S.G. § 2F1.1(b)(1). " 'Loss' means the value of property taken...." U.S.S.G. § 2B1.1, comment. (n. 2); see also U.S.S.G. § 2F1.1, comment. (n. 7). Assets concealed in a bankruptcy proceeding are properly included in the calculation of loss. United States v. Nazifpour, 944 F.2d 472, 474 (9th Cir.1991) (per curiam).
 
 
 11
 The filing of a bankruptcy petition creates a bankruptcy "estate". 11 U.S.C. § 541(a); FitzSimmons v. Walsh (In re FitzSimmons), 725 F.2d 1208, 1210 (9th Cir.1984); Towers v. Wu (In re Wu), 173 B.R. 411, 413 (Bankr. 9th Cir.1994). With two exceptions, the estate includes " 'all legal or equitable interests of the debtor in property as of the commencement of the case.' " In re FitzSimmons, 725 F.2d at 1210 (quoting § 541(a)(1)). Earnings generated by services personally performed by the individual debtor postpetition do not accrue to the estate. In re FitzSimmons, 725 F.2d at 1211; In re Wu, 173 B.R. at 413-14.
 
 
 12
 The value of the 1989 accounts receivable, the furs and the jewelry was properly included in the calculated loss. They represent assets or income from work performed by Dubin & Co. prior to the filing of bankruptcy. See Nazifpour, 944 F.2d at 474.
 
 
 13
 The funds funneled through HRMD to purchase the Palm Springs residence were also properly included in the calculated loss. The funds were part of receivables of Dubin & Co. earned during the bankruptcy that were concealed by Dubin and diverted for his own benefit. Thus, they were properly included in the amount of loss. See In re FitzSimmons, 725 F.2d at 1211; In re Wu, 173 B.R. at 416.
 
 
 14
 The amount of embezzled funds, however, was improperly included in the calculated loss. Dubin embezzled over a million dollars from a client of Dubin & Co. Approximately half of the money was embezzled prior to the filing of the bankruptcy petition and half after the filing. Dubin claims that he spent the money embezzled prior to the filing of the bankruptcy petition, and the Government did not demonstrate that the money was used to purchase any assets that became or should have become part of the estate. Therefore, even if Dubin had disclosed his earnings from the embezzlement, they would not have been included as part of the estate. See § 541(a)(1). Thus, the money embezzled prior to the filing of the petition cannot be seen as concealed assets of the bankruptcy estate and should not have been included as part of the loss. The Government earnestly relies upon United States v. Levine, 970 F.2d 681 (10th Cir.), cert. denied, 506 U.S. 901, 113 S.Ct. 289, 121 L.Ed.2d 214 (1992), which it believes to be very similar to this case. However, Levine is really quite different. There the debtors had embezzled the funds before bankruptcy commenced and had tucked them away in an account which was concealed from the court when they filed for bankruptcy. Here, of course, there is no indication that the embezzled funds were concealed anywhere. They were just gone.
 
 
 15
 The money embezzled after the filing of the petition also cannot be counted in the loss. That money cannot be attributed to Dubin & Co.'s "invested capital, accounts receivable, good will, employment contracts with the firm's staff, client relationships, fee agreements, or the like," and therefore it did not accrue to the bankruptcy estate. See In re FitzSimmons, 725 F.2d at 1211. Therefore, even if Dubin had disclosed the embezzled funds, they could not have become part of the estate. The only person possibly harmed by the embezzlement had already lost the funds, and a failure to list his possible claim did not increase that loss one whit. The phlebotomy Dubin performed on his client's business was reprehensible, but it was not connected to the bankruptcy fraud. Because the embezzled funds were improperly included in the loss calculus, we vacate Dubin's sentence in this respect and remand for resentencing.
 
 2. Obstruction
 
 16
 The Sentencing Guidelines provide for a two-level enhancement if a defendant obstructs or attempts to obstruct the administration of justice. U.S.S.G. § 3C1.1. The enhancement applies to a defendant who commits or attempts to commit perjury. U.S.S.G. § 3C1.1, comment. (n. 3(b)). A defendant commits perjury when he testifies under oath and "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993). Once a district court determines that the defendant obstructed justice, the two-level enhancement is mandatory. United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994).
 
 
 17
 Here the district court made all of the required findings and did not err in doing so. Thus, we agree with the district court's determination that Dubin obstructed justice.
 
 3. Position of Trust
 
 18
 The Sentencing Guidelines provide for a two-level enhancement if the defendant abused a special skill "in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. For purposes of an enhancement under § 3B1.3, accountants possess a special skill. United States v. Sarno, 73 F.3d 1470, 1501 (9th Cir.1995), petition for cert. filed, (U.S. May 28, 1996) (No. 95-1921); U.S.S.G. § 3B1.3 comment. (n. 2). In determining an enhancement under § 3B1.3, a sentencing court may "consider relevant conduct other than that involved in the offense of conviction." United States v. Duran, 15 F.3d 131, 133 (9th Cir.1994) (per curiam).
 
 
 19
 Dubin was a certified public accountant. At trial, there was overwhelming evidence demonstrating that he used his skill as an accountant to facilitate the commission of the offenses charged. Therefore, the district court properly enhanced his sentence for abuse of a special skill. See Sarno, 73 F.3d at 1501.
 
 
 20
 Dubin's conviction is AFFIRMED. We also AFFIRM the district court's determinations at sentencing, with the exception of the use of embezzlement proceeds to calculate the loss as to which we REVERSE. Therefore, we VACATE the sentence and REMAND for resentencing on the limited issue of the loss determination.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3