FILED

MAR 12 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.  NC-13-1339-JuKiD |
| | ) | |
| ARA MARKOSIAN and ANAIT MARKOSIAN, | ) | Bk. No.  09-50778-ASW |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| CAROL W. WU, Trustee, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| ARA MARKOSIAN and ANAIT MARKOSIAN, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on February 20, 2014
at San Francisco, California

Filed - March 12, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Arthur S. Weissbrodt, Bankruptcy Judge, Presiding

_____

Appearances:    Johnson C.W. Lee, Esq., argued for appellant
                Carol W. Wu, Chapter 7 trustee; Drew Henwood,
                Esq., argued for appellees Ara and Anait
                Markosian.

_____

Before:  JURY, KIRSCHER, and DUNN, Bankruptcy Judges.

JURY, Bankruptcy Judge:

Ara and Anait Markosian (collectively, Debtors) filed a chapter 7[1] petition which they converted to chapter 11 and then reconverted to chapter 7. After reconversion to chapter 7, Mr. Markosian received a bonus from his employer of over $102,000 for services rendered while the chapter 11 case was pending. Debtors turned over the bonus to appellant, Carol W. Wu, the chapter 7 trustee, and filed a motion to compel the trustee to return it to Debtors. The bankruptcy court granted Debtors' motion, finding that although the bonus constituted earnings and were property of Debtors' chapter 11 estate under § 1115(a)(2), the bonus reverted to them upon conversion of Debtors' case to chapter 7. This appeal followed.

We address an issue of first impression in this Circuit: whether an individual debtor's chapter 11 postpetition earnings which are property of the estate under § 1115 revert to him or her upon a subsequent conversion to chapter 7. As a matter of statutory interpretation, we conclude that they do and AFFIRM.

## I. FACTS

On February 7, 2009, Debtors filed a chapter 7 petition. The United States Trustee moved to dismiss their case for abuse based on Debtors' high income and their ability to pay their creditors. In response, Debtors converted their case to chapter

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

11 on February 11, 2010. More than two years later, Debtors were unable to confirm a plan because Mrs. Markosian had lost her job. Debtors reconverted their case to chapter 7 on March 5, 2012.

In April 2012, Mr. Markosian received $102,498.42[1] from his employer for personal services provided while Debtors' case was still under chapter 11. Debtors turned over the bonus to the trustee and subsequently filed a motion to determine their interest in it. The bankruptcy court denied Debtors' motion without prejudice in order for Debtors to file a new motion to address whether the bonus was property of their chapter 11 estate pursuant to § 1115(a)(2), and if so, whether it subsequently became property of their chapter 7 estate.

Debtors then filed a motion to compel trustee to return the bonus to them as either partially exempted property of the bankruptcy estate or as property excluded from the chapter 7 estate upon reconversion to chapter 7. Trustee opposed.

On January 18, 2013, the bankruptcy court heard the matter, directed the parties to file supplemental briefs and took the matter under advisement. In June 2013, the bankruptcy court issued its memorandum decision. The court found that the bonus constituted earnings from personal services within the meaning of § 1115(a)(2), but concluded that it ceased to be property of

---

[1] Mr. Markosian actually received a gross bonus of $191,191.00. However, statutory reductions reduced the total bonus by $72,931.21, and trustee discovered during litigation over the rights to the bonus that Mr. Markosian had used some of it to purchase company stock worth $15,761.37, which remains in his possession or has since been sold.

-3-

the estate upon conversion to chapter 7 based on the reasoning set forth in In re Evans, 464 B.R. 429, 438-41 (Bankr. D. Col. 2011). Because the court found that the bonus was not property of the chapter 7 estate, it did not reach the question whether the money could be claimed exempt. The bankruptcy court entered an order granting Debtors' motion to compel on July 2, 2013. Trustee timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred by finding that the bonus, which was property of Debtors' chapter 11 estate under § 1115(a)(2), reverted to Debtors upon conversion to chapter 7.

## IV. STANDARD OF REVIEW

We review issues of statutory construction and conclusions of law, including the bankruptcy court's interpretation of the Bankruptcy Code, de novo. Samson v. W. Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 869 (9th Cir. 2012).

## V. DISCUSSION

As with all statutory construction issues, we start with the statutory language. We begin by looking at § 541 which defines property of the estate. Under § 541(a), the commencement of a case under the Bankruptcy Code creates an estate. Although the estate may acquire property after the commencement of the case, see § 541(a)(6) and (7), estate property remains distinct from the debtor's property. See Smith

-4-

v. Kennedy (In re Smith), 235 F.3d 472, 478 (9th Cir. 2000). Under § 541(a)(6), "earnings from services performed by an individual debtor after the commencement of the case" are the debtor's property which are excluded from property of the estate.

In 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act added § 1115[2] which, similar to §§ 1306 and 1207, adds an individual debtor's postpetition earnings to property of the chapter 11 estate. The bankruptcy court found that the bonus received by Mr. Markosian post-conversion was property of Debtors' chapter 11 estate under § 1115(a)(2), a ruling not challenged in this appeal. However, § 1115 does not apply upon conversion from chapter 11 to chapter 7. Instead, § 348 governs the effect of a conversion.

Although § 348(f)(1)(A) expressly excludes a debtor's postpetition earnings from property of a chapter 7 estate upon conversion from chapter 13 — earnings that are included in the chapter 13 estate under § 1306(a)(2) — there is no parallel provision for chapter 11 debtors. In the absence of a specific

---

[2] Section 1115 provides in relevant part:

(a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541--

. . . .

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

-5-

statutory provision, we rely on § 348(a), which by its plain language applies to all cases under Title 11, not just certain ones:

> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

The statute expressly states that the date of the petition remains unchanged. "Where a case is converted from Chapter 11 to Chapter 7, property of the estate is determined by the filing date of the Chapter 11 petition, and not by the conversion date." Magallanes v. Williams (In re Magallanes), 96 B.R. 253, 255 (9th Cir. BAP 1988). As of the petition date, § 541(a)(6) excludes from the chapter 7 estate earnings from services performed by individual debtors after the commencement of the case. Therefore, by operation of § 348(a), personal service income that came into Debtors' chapter 11 estate is recharacterized as property of the debtor under § 541(a)(6)[3]

---

[3] To the extent trustee contends that the postpetition earnings of Mr. Markosian are property of the chapter 7 estate by operation of § 541(a)(7), we reject that argument. Section 541(a)(7) makes property of the estate any interest in property that the estate (not the debtor) acquires after the case. Here, the bankruptcy court found that the bonus constituted earnings from personal services of Mr. Markosian under § 1115(a)(2) and that ruling was not appealed. Thus, the earnings fall within the earnings exception stated in § 541(a)(6). We note however that there may be chapter 11 cases which are converted to chapter 7 where it is necessary to separate earnings from personal services by an individual from the earnings of a business. See

(continued...)

-6-

when the case is converted to chapter 7. Accordingly, upon conversion, the bonus reverted to Debtors.

While other courts have come to a different conclusion, we respectfully disagree with their method of statutory interpretation. See Pergament v. Pagano (In re Tolkin), 2011 WL 1302191 (Bankr. E.D.N.Y. 2011); In re Hoyle, 2013 WL 3294273 (Bankr. D. Idaho 2013) (following Tolkin). In essence, they rely on Congress's failure to enact a parallel provision to § 348(f)(1)(A) for chapter 11 debtors. The Tolkin court opined:

> The language of [§ 1115] parallels the language of § 1306, and accomplishes the same goal of broadening the scope of property of the debtor's estate significantly beyond the parameters of § 541. However, unlike in a Chapter 13 case, there is no provision similar to § 348(f) to modify the result upon conversion of a Chapter 11 case to another chapter. In re Quillen, 408 B.R. 601, 620 n.33 [Bankr. D. Md. 2009)] (". . . Section 1115 . . . is identical to Section 1306. Curiously though, no counterpart to Section 348(f) was codified in BAPCPA to correspondingly adjust the reach of Section 1115."). Therefore, what is captured as property of the debtor's estate under § 1115 remains as property of the estate, even after the conversion of the case to another chapter.

In re Tolkin, 2011 WL 1302191, at *10. Following Tolkin, the court in Hoyle concluded that, "in light of the omission of a provision equivalent to § 348(f)(1) applicable to the converted chapter 11 case, Debtor's arguments that the DIP accounts at conversion are not 'property of the estate' does [sic] not

[3](...continued)
FitzSimmons v. Walsh (In re FitzSimmons), 725 F.2d 1208, 1211 (9th Cir. 1984) (holding that only the debtor's earnings from his own personal services were exempt under 541(a)(6) as opposed to all profits generated by his law practice).

-7-

hold." In re Hoyle, 2013 WL 3294273, at *7.

To be sure, nowhere does the Tolkin court mention § 348(a), instead relying on Congress's failure to enact a provision parallel to § 348(f)(1)(A) for chapter 11 debtors. Under this interpretation, § 348(a) has no independent effect despite the statute's plain language that makes it applicable to all case conversions, including those from chapter 11 to chapter 7. See Aluminum Co. of Am. v. Bonneville Power Admin., 903 F.2d 585, 590 (9th Cir. 1990) (under statutory rules of construction, one provision of a statute should not be interpreted in a way which is internally contradictory or that renders other provisions of the same statute inconsistent or meaningless).

Further, the Ninth Circuit has cautioned that attempting "to divine congressional intent from congressional silence" is "an enterprise of limited utility that offers a fragile foundation for statutory interpretation." Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 717 (9th Cir. 2004). Rather than creating a rule out of silence, we consider § 348(f)(1)(A) in context. In this regard, Congress amended § 348 in 1994 to add subsection (f)(1)(A) well before it enacted § 1115. The legislative history of § 348(f)(1)(A) shows that an amendment was needed to resolve a split among courts concerning whether a chapter 13 debtor's postpetition earnings remained property of the estate upon conversion to chapter 7. In re Evans, 464 B.R. at 439 (citing cases and legislative history of § 348(f)(1)(A)). Given the reason for the amendment, the fact that Congress did not enact a parallel provision to § 348(f)(1)(A) for chapter 11 debtors when it enacted § 1115 holds little, if any,

-8-

significance because there was no split of authority yet to resolve. See Brown v. Gardner, 513 U.S. 115, 121 (1994) (congressional silence lacks persuasive significance).

In the end, there is no reason to treat chapter 11 debtors differently than chapter 13 debtors in this context. As the Evans court pointed out, at the time Congress enacted § 348(f), it "clearly conveyed its purpose to avoid penalizing debtors who first attempt a repayment plan . . . [t]here is no policy reason as to 'why the creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts . . . .'" 464 B.R. at 441.

## VI. CONCLUSION

For the reasons stated, we AFFIRM.