Filed 8/11/15  Pestana v. Kelly CA4

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| EDWARD PESTANA, | |
| Cross-complainant and Appellant, | C072268 |
| v. | (Super. Ct. No. 39201000253689CUMCSTK) |
| MICHAEL J. KELLY, JR., as Co-trustee, etc., et al., | |
| Cross-defendants and Respondents. | |

Edward Pestana and his brother, Ernest Pestana, operated a family business.[1] After Ernest died, Edward sued Ernest's widow Irene, Ernest's estate and Ernest's trusts in Santa Clara County, alleging that Ernest breached a 1999 oral agreement to pay Edward wages and a commission for certain land development work.

---

[1]  We will refer to individuals by their first names for clarity.

1

Meanwhile, Michael Kelly, Jr., the successor trustee of Ernest's trusts and a special administrator of Ernest's estate, filed a complaint in San Joaquin County to dissolve the brothers' corporation, Livermore Acres, Inc. Edward filed a cross-complaint against Livermore Acres and against Michael and Irene individually and as trustees, again alleging Ernest's breach of the 1999 oral agreement with Edward.

The trial court in San Joaquin County sustained Michael and Irene's demurrer, ruling that Edward was judicially estopped from pursuing a claim based on the alleged 1999 oral agreement because Edward did not disclose the claim in his ongoing Chapter 11 bankruptcy proceeding. Although Edward initiated the bankruptcy proceeding in 1998, the trial court found that in four sets of pleadings filed with the bankruptcy court following the alleged oral agreement, Edward failed to disclose his breach of contract claim. The trial court determined that Edward's failure to disclose the claim amounted to an affirmative representation to the bankruptcy court that there was no such income or asset. The trial court ruled that the representation worked to Edward's benefit because it supported the no-asset discharge Edward obtained from the bankruptcy court in 2003.

Edward now contends the trial court erred in ruling that he was judicially estopped from pursuing his breach of contract claim, because the 1999 oral agreement occurred after he initiated his bankruptcy proceeding in 1998 and thus was not an asset of the bankruptcy estate. Michael and Irene respond that Edward's claim was properly barred not just because of the position he took in the bankruptcy proceeding, but also because his claim could only be asserted against Ernest's estate.

We conclude the trial court did not err in ruling that Edward was judicially estopped from pursuing his breach of contract claim. The record supports the trial court's determination that Edward took inconsistent positions in different judicial proceedings, that his first position was successful, and that the inconsistent positions were not the result of ignorance, fraud or mistake.

We will affirm the judgment.

2

BACKGROUND

A year after Ernest's 2009 death, Edward claimed Ernest's estate owed him $859,377.78 pursuant to a January 1999 oral agreement. In that creditor's claim, he alleged that Lockeford Oaks had been purchased by the Ernest and Irene Pestana Community Property Trust for $2.8 million and Ernest later refused purchase offers in the range of $21 million to $61 million. In addition to a 10 percent share of net proceeds when the trust eventually sold Lockeford Oaks, Edward claimed the immediate right to $75 per hour for 1,000 hours per year plus expenses for the 10 years preceding Ernest's death. Citing the estate's rejection of this claim in November 2010, Edward filed a complaint in Santa Clara County for breach of contract, fraud and quantum meruit against Michael as trustee of Ernest's trusts and personal representative of his estate and also against Irene individually and as Michael's co-trustee. In the Santa Clara complaint, Edward alleged that Ernest had refused to sell the property so that "potential profit on the project could be realized," but he also alleged in the alternative that Ernest never intended to go through with the project or share the profit with Edward.

Michael filed a complaint for involuntary dissolution of the brothers' corporation, Livermore Acres, in San Joaquin County in November 2010. Livermore Acres was owned in equal shares by revocable trusts by and for the benefit of Ernest and Edward. Edward cross-complained against Livermore Acres and against Michael and Irene individually and as trustees, alleging that Ernest was trustee of two trusts and a director of the corporation when, in January 1999, Ernest orally agreed to have Edward provide services "to or on behalf of" the corporation; specifically, Edward claimed Ernest employed him to manage a motel owned by the corporation and to develop a parcel of land that was owned by a trust for the benefit of Ernest. Edward alleged that Ernest was to provide financing for the development project (Lockeford Oaks) and to reimburse Edward for his expenses and also to pay a bonus of 10 percent of the gross sales price when the parcel was sold. But, Edward alleged, the property had not been sold and

3

Ernest's successors, Michael and Irene, failed to complete the project or pay Edward for his work. Among other things, Edward asserted causes of action for breach of oral agreement, quantum meruit, declaratory relief and interference with contract, and sought money damages of $250,000 per year from January 1999 ($250 per hour for 1,000 hours per year) for 10 years plus interest.

Michael and Irene demurred on several bases including that only the estate could be sued, new actions against the estate were barred by the statute of limitations, and the contract-based causes of action were barred by judicial estoppel. Michael and Irene requested judicial notice of the January 2011 first amended complaint Edward filed in Santa Clara County along with several filings from Edward's bankruptcy proceeding dated between August 1999 and December 2003, including the no-asset discharge dated December 31, 2003.

Finding that Edward had repeatedly failed to disclose to the bankruptcy court the alleged oral agreement or breach of contract claim, and that he did not identify the agreement or claim as an asset or source of income at any time before the bankruptcy court discharged Edward's debts, the trial court ruled that Edward was judicially estopped from asserting any cause of action based on the alleged agreement with Ernest.

Several months later, in response to another demurrer, the trial court dismissed Edward's third amended complaint without leave to amend because Edward had failed to state a claim for relief on claims not arising from the agreement with Ernest. The trial court entered judgment against Edward on the cross-complaint.

Additional facts are included in the discussion as appropriate.

DISCUSSION

I

Edward contends the trial court erred in ruling that he was judicially estopped from pursuing his breach of contract claim, because the 1999 oral agreement occurred

4

after he initiated his bankruptcy proceeding in 1998 and thus was not an asset of the bankruptcy estate. We disagree.

The elements of judicial estoppel are as follows: " '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' " (*The Swahn Group, Inc. v. Segal* (2010) 183 Cal.App.4th 831, 842 (*Swahn Group*), quoting *Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 183.) If properly pleaded facts and facts judicially noticed are undisputed, judicial estoppel may be applied on demurrer. (*Swahn Group, supra,* 183 Cal.App.4th at p. 843.)

The trial court took judicial notice of the pleadings in the Chapter 11 bankruptcy proceeding that Edward commenced in 1998, including his subsequent reorganization proposals. The trial court accepted Edward's position, for the sake of argument, that the bankruptcy estate did not include the post-petition oral agreement with Ernest. Nonetheless, the trial court focused on four of Edward's reports to the bankruptcy court regarding his later-acquired income and assets. The trial court found that in those reports, Edward did not mention his claim for breach of contract. The trial court ruled that "[t]his amounts to an affirmative representation to the [b]ankruptcy court that there was no such income/asset" and that the representation inured to Edward's benefit because it tended to support the no-asset discharge which he ultimately received. The trial court concluded that because Edward made a contrary representation in this case, he is judicially estopped to assert the oral agreement and to attempt to recover any benefit by way of it.

Edward argues he was not required to mention the oral agreement to the bankruptcy court because post-petition earnings from personal service contracts are not assets of a bankruptcy estate, and therefore are not subject to disclosure. As we have said, the trial court assumed that the oral agreement would not have been included as part

5

of the estate.  Nonetheless, bankruptcy rules require debtors to disclose all assets whether or not a court ultimately concludes they are exempt, a duty that continues throughout the duration of a bankruptcy proceeding.  (Fed. R. Bankr. P. 1007.)  If an oral agreement or claim for breach of contract had been disclosed, Edward's creditors presumably would have inquired about the agreement and whether Edward's claim to a part of the Lockeford Oaks profits might have been properly characterized as an asset of the bankruptcy estate.  Creditors rely on disclosure statements to determine whether to contest or consent to a no-asset discharge and courts rely on them to determine whether to approve a no-asset discharge.  (*Burnes v. Pemco Aeroplex, Inc.* (11th Cir. 2002) 291 F.3d 1282, 1286.)

Judicial estoppel is an extraordinary remedy invoked to prevent a miscarriage of justice.  (*Haley v. Dow Lewis Motors, Inc*. (1999) 72 Cal.App.4th 497, 511.)  Because its consequences are harsh, it must be applied with caution.  (*Ibid*.)  Its purpose is to protect the integrity of the judicial process and its application is limited to egregious circumstances.  (*Gottlieb v. Kest* (2006) 141 Cal.App.4th 110, 132 (*Gottlieb*).)

The bankruptcy filings of which the trial court took notice established that Edward took inconsistent positions in different judicial proceedings and that his first position was successful, i.e., the bankruptcy court adopted Edward's position or accepted it as true. (See *Gottlieb, supra,* 141 Cal.App.4th at pp. 120, 131; *Swahn Group, supra,* 183 Cal.App.4th at pp. 842, 848.)  Edward asserts that his agreement with Ernest about Lockeford Oaks could not have been included in Edward's bankruptcy estate, could not have been made available to his creditors, and could not have prevented or changed the no-asset discharge of his debts.  That may be.  (See *Everett v. Judson* (1913) 228 U.S. 474, 479 [bankruptcy estate generally does not include property acquired by the debtor after the case has commenced]; *In re FitzSimmons* (9th Cir. 1984) 725 F.2d 1208, 1210-1211 [post-petition earnings are exempt from a bankruptcy estate]; *Casey v. Hochman* (10th Cir. 1992) 963 F.2d 1347, 1351 [proceeds of medical device invented after the

6

debtor filed for bankruptcy are exempt].)  But that assumes that the oral agreement, if disclosed, would have been classified exactly as Edward characterized it after Ernest died.  The bankruptcy court and Edward's creditors and even Ernest may have viewed the agreement in an entirely different light if Edward had met his disclosure obligations. If we were to accept Edward's allegations regarding the oral agreement as true, he clearly benefitted from remaining silent about his arrangement with Ernest, silently accumulating $250,000 per year plus a percentage of a real estate transaction worth tens of millions of dollars, all of which he knew would be payable only after his debts had been fully discharged and, indeed, after Ernest had died.  The trial court did not abuse its discretion in concluding that Edward engaged in an intolerable manipulation of the judicial process.

The record supports the trial court's determination that Edward took inconsistent positions in different judicial proceedings, that his first position was successful, and that the inconsistent positions were not the result of ignorance, fraud or mistake. Accordingly, the trial court did not err in ruling that Edward was judicially estopped from pursuing his breach of contract claim.  Given this conclusion, we need not address Michael and Irene's alternative grounds for affirming the judgment.

## DISPOSITION

The judgment is affirmed.


                                        MAURO          , J.


We concur:


      RAYE          , P. J.


      DUARTE        , J.


7